IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:09CV5-V

| | |
|---|---|
| RONDELL TONEY,<br>   Plaintiff,<br><br>v.<br><br>DEFENSE FINANCE and ACCOUNTING<br>SERVICE, and UNITED STATES,<br>   Defendants. | )<br>)<br>)<br>)  **Memorandum and Order**<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER** is before the Court on Defendants' joint Motion to Dismiss, filed April 20, 2009. (Documents #11) Plaintiff, who is acting *pro se*, responded in opposition to Defendants' Rule 12 motion on May 5, 2009 and May 26, 2009. (Documents ##12,14) Also before the Court are several motions filed by Plaintiff Toney, all of which are now <u>moot</u> in light of the instant ruling.[1]

### I. Nature of Case

This case arises out of Plaintiff Rondell Toney's claim that he is being deprived of certain retirement monies as a result of Toney's failure to "opt-out" of the Survivor Benefit Plan ("SBP") while serving in the United States Marine Corps. The Survivor Benefit Plan is designed to protect eligible beneficiaries (*i.e.*, spouses) who would otherwise lose the deceased service member's entire retirement annuity upon the death of the service member. Accordingly, enrollment in the Survivor Benefit Plan is automatic for married service members unless the service member formally "elects not to particiate in the Plan ***before the first day for which he is eligible for that pay***." *See* 10 U.S.C.

---

[1] Plaintiff has also filed documents entitled, "Motion for Mandatory Injunction and (If Necessary) Leave of Court Required for Positive Action," "Motion Demanding Enforcement of Rights," and "Motion for Summary Judgment." (Documents ##17, 20, 23)

1

§1448(a)(2)(A)(2009) (*emphasis added*). At the relevant time – before the first day for which he was eligible to retire – Toney was, in fact, married but did not elect not to participate ("opt-out") in the SBP. Toney's former spouse, Betty Jo Toney, is now deceased. Toney essentially hopes to recover the monies dedicated to the SBP that his spouse would have been entitled to recover had she not passed away.

The Government asserts multiple bases for dismissal, including statute of limitations bar, collateral estoppel, and failure to state a claim upon which relief may be granted. Because the Government's brief thoroughly sets forth the applicable law as well as what the Court deems an appropriate analysis of each issue, it is simply unnecessary to recite the same in the instant Memorandum and Order. Accordingly, the Court hereby adopts the reasoning of the Government and incorporates by reference the Government's memorandum of law in support of its Motion to Dismiss. For all of the reasons set forth by the Defendants, Plaintiff's Complaint must be <u>dismissed</u> in its entirety.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that Plaintiff's miscellaneous motions seeking injunctive relief and such (Documents ##17, 20, 23) are **DENIED as moot**.

Signed: September 30, 2010

Richard L. Voorhees
United States District Judge